COMMONWEALTH BONDING & CASUALTY INS. CO. v. BEAVERS.    (No. 583.)*

(Court of Civil Appeals of Texas. El Paso. May 18, 1916.    Rehearing Denied June 8, 1916.) ·

1. STIPULATIONS ☞14(5) — ABIDING OTHER SUIT—RIGHT TO CONTINUANCE.

Where several suits by various plaintiffs against one defendant were pending and all parties agreed in one stipulation to await judgment in one of the suits, and take judgment in accordance therewith, the suits being independent and the result of one not being governed by the result of others, it was not error to refuse continuance asked in order to allow all the parties to be made parties to one suit, since they were not necessary to its determination, and there was nothing in the stipulation indicating intention to consolidate the suits.

[Ed. Note.—For other cases, see Stipulations. Cent. Dig. § 29; Dec. Dig. ☞14(5).]

2. STIPULATIONS ☞11—VALIDITY.

An action cannot be defeated as based on an invalid stipulation, where it was brought on a fraudulent contract for the sale of stock, and the stipulation was made only as a means of establishing the right to judgment.

[Ed. Note.—For other cases, see Stipulations, Cent. Dig. § 23; Dec. Dig. ☞11.]

3. STIPULATIONS ☞11—VALIDITY—UNILATERAL AGREEMENT.

A stipulation by which defendant agreed to permit judgment against it in one suit if such judgment were rendered in a similar suit, and plaintiff agreed to await judgment in the other suit before prosecuting his action, thus postponing immediate collection of moneys due, is not unilateral.

[Ed. Note.—For other cases, see Stipulations, Cent. Dig. § 23; Dec. Dig. ☞11.]

4. ATTORNEY AND CLIENT ☞86—AUTHORITY OF ATTORNEY—BINDING EFFECT.

A client is bound by the act of his attorney in signing a stipulation filed in an action in which the attorney is employed.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 155–160; Dec. Dig. ☞86.]

5. STIPULATIONS ☞12—WITHDRAWAL—TIME.

That one party refuses to be bound by a stipulation signed by his attorney and filed in an action pending does not invalidate the stipulation as to other parties, after determination that there is no cause of action against such party.

[Ed. Note.—For other cases, see Stipulations, Cent. Dig. § 66; Dec. Dig. ☞12.]

6. APPEAL AND ERROR ☞1052(5)—REVIEW—HARMLESS ERROR—ADMISSION OF EVIDENCE.

Where testimony objected to is rendered immaterial by the finding that the defendant, as to whom it was offered, was not liable to the plaintiffs in the action, its admission is no ground for reversal of the judgment against other defendants, where, without it, there is still sufficient evidence to sustain the judgment, which would not have been affected by its exclusion.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4175; Dec. Dig. ☞1052(5).]

Appeal from District Court, Knox County; Jo A. P. Dickson, Judge.

Suit by G. H. Beavers against the Commonwealth Bonding & Casualty Insurance Company. Judgment for plaintiff and defendant appeals. Affirmed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Application for writ of error pending in Supreme Court.

Speer & Brown, and Bowlin & Kearby, all of Ft. Worth, for appellant. C. D. Russell, of Plainview, Jas. A. Stephens, of Benjamin, and Carrigan, Montgomery & Britain, of Wichita Falls, for appellee.

HARPER, C. J. This is an appeal from a judgment in favor of G. H. Beavers and against the Commonwealth Bonding & Casualty Insurance Company, which judgment rescinded, canceled and held for naught a subscription contract between the parties, and ordered the surrender of and canceled certain notes executed by Beavers in part payment for certain stock, and decreed to appellee certain moneys, which were the proceeds of the sale of securities given to the bonding company in partial payment for the stock issued to appellee, and, further, that the certificates of stock so issued to appellee be surrendered to the bonding company. Said judgment was so entered upon a finding that the subscription contract was void because induced by false and fraudulent representations made by the promoters, agents, etc., of the bonding company. This is one of a number of actions instituted by different parties against the same bonding company upon substantially the same allegations for cause of action. The case of Commonwealth Bonding & Casualty Co. v. E. P. Bomar, reported in 169 S. W. 1060, is one of the number referred to, and contains a statement in detail of the contentions of the parties. During the progress of the trial of said above cause, the parties entered into a stipulation hereinafter copied in full, which, in effect, is a final adjudication of the questions of law and fact in this case, if said stipulation is binding upon the appellant, unless the court erred in refusing to grant a continuance or in admitting certain testimony, or was in error in holding that the parties to the other suits were not necessary parties to this, for which the cause must be remanded. In the stipulation, after naming some 40 parties plaintiff, with the style of their suit and in what court filed, the document reads:

"We, the undersigned attorneys, L. W. Dalton, James A. Stephens, and Montgomery & Britain, who are attorneys for the plaintiffs in all the above-entitled causes, and Miller and Stephens, who are attorneys for the defendant, Commonwealth Bonding & Casualty Insurance Company in all the above-entitled causes, and McLean, Scott, McLean & Bradley, who are attorneys for R. T. Stuart in all the above-entitled causes, some of which cases are filed and some to be hereinafter filed in the district court of Baylor county, Texas, hereby enter into and make the following agreement:

"First. It is agreed that L. W. Dalton, as attorney for each of the following named parties, to wit, John Haynes, of Silverton, Texas, R. F. Smythe, of Plainview, Texas, L. L. Die, of Plainview, Texas, Edgar Allen, J. H. Reed and J. F. Leatherwood, shall file suits against the Commonwealth Bonding & Casualty Insurance Company for the rescission of the stock subscription contract by which each of said parties agree to take certain stock in said Commonwealth Bonding & Casualty Insurance Company and for cancellation of the notes given by each of said

parties for such stock and the recovery of whatever money may have been paid by each of said parties and that suit may be also filed for S. C. Hickman. And it is further agreed that said Commonwealth Bonding & Casualty Insurance Company shall answer, plead over against R. T. Stuart, and ask for recovery against him for whatever amount may be recovered against the Commonwealth Bonding & Casualty Insurance Company, by the plaintiff.

"Second. It is further agreed that said causes above referred to to be hereafter filed and all cases of every character pending in the district courts of Baylor and Knox counties, Texas, between the parties hereto shall be continued and none of said causes tried until the final determination of the case of E. P. Bomar v. John Scharbauer et al., No. 1773, in the district court of Baylor county, Texas, which said cause has been tried in said district court and a judgment therein rendered for the plaintiff E. P. Bomar, against the defendant Commonwealth Bonding & Casualty Insurance Company for the rescission of a subscription contract made by him to the stock of said Commonwealth Bonding & Casualty Insurance Company, and the recovery of all moneys paid by him to said company, and the cancellation of all notes executed by him to said company, and judgment has further been rendered in said cause in favor of said Commonwealth Bonding & Casualty Insurance Company against the defendant R. T. Stuart, for the sum of $500.00 as promotion fees.

"It is further agreed that in the event that judgment in the case of E. P. Bomar v. John Scharbauer et al., above referred to, shall finally be affirmed by the appellate courts of this state, either in whole or part, that is, if said judgment shall finally be affirmed for the cancellation of the obligations given by said Bomar and for the recovery of the sum of $1,000.00 which the evidence shows in said case was paid to the Commonwealth Bonding & Casualty Insurance Company, and for the sum of $500.00, which the evidence in said case shows was paid for promotion, then it is agreed that a like judgment shall be rendered in each of the above-entitled causes for the cancellation of the obligations given by the plaintiff in each of said causes, and for the recovery of all moneys paid by each of said plaintiffs to the Commonwealth Bonding & Casualty Insurance Company, or for promotion fees, but if said judgment shall be affirmed in part only, that is, if said judgment should be affirmed for the recovery only of such moneys as were received by the Commonwealth Bonding & Casualty Insurance Company and of the obligations given to said company or transferred to it, then a like judgment shall be rendered in each of the causes above referred to. No judgment against John Scharbauer shall be rendered in any of said causes.

"It is further agreed that in the event a judgment in the case of E. P. Bomar v. John Scharbauer et al. shall be recovered by the Appellate Court, then in that event this agreement shall not affect the right of the plaintiffs in each of the causes above named, and referred to in this agreement, to try said causes upon the merits, and all parties shall be relieved from the effect of this agreement except in so far as the same provides for a continuance of said causes above named until the final disposition of the case of E. P. Bomar v. John Scharbauer et al.

"Witness our hands," etc.

[1] Should the trial court have granted a continuance so that the other parties to the above agreement could be made parties to this suit? It is apparent that the stipulation is a several one as to each and all parties. While it is in one document, with the style and number of each case upon it, nevertheless we think it clearly an agreement that judgment should be taken in each case wher-

ever pending. There is no intimation in it that the cases named therein were to be consolidated, but if there were such a provision in the stipulation and the court refused to consolidate, still it could not be reversible error under the facts of this case; for if the stipulation bound the bonding company as a confession of judgment, it could make no difference whether one judgment were taken in 40 cases or 40 judgments be taken, except, possibly as a matter of costs. The parties to the other suits were in no sense necessary parties to this suit, unless by the stipulation they bound themselves to become so, as a matter of convenience. Their causes of action were separate and distinct from this one, and they were in no way interested in the result of this suit. Any judgment entered in this cause could in no way affect the parties or their interests to the other suits. So, since we find no express provision in the stipulation that the cases should be consolidated and nothing to indicate that such was the intention of the parties at the time of its execution, we must conclude that it was not the intention of the parties to consolidate.

[2] And the only question to be determined is, Was the stipulation upon which the judgment was entered a valid and binding agreement? Appellant, by proposition under second assignment, suggests that this suit is based upon the stipulation between the attorneys, and that it is unilateral. This suit is not based upon the stipulation, but upon the fraudulent contract for the purchase of stock, and that contract was in no sense unilateral. The stipulation is simply the means by which plaintiff established his right to judgment. As to the propositions that the stipulation is unilateral, invalid, because not signed by the parties, nor ratified, as to whether it was signed and afterwards ratified under a misapprehension of the facts by the directors of the bonding company, as to whether it was rescinded by the company, as to whether it was breached by the parties plaintiffs, and as to whether these questions should have been submitted to the jury, as raised by the second and eighth assignments, we answer: In Porter v. Holt, 73 Tex. 447, 11 S. W. 494, it was held that:

"Agreements of counsel made during the progress of a cause ordinarily tend to the dispatch of business, and should be favored by the courts. The agreement should not be set aside at the instance of either party when the party invoking such action has obtained an advantage under it, or when its withdrawal will place the opposite party in worse position than if it had never been made."

[3] The theory upon which the proposition that the stipulation is unilateral is urged is that if the Bomar Case was affirmed, then the bonding company was bound, but, if not, that the plaintiff in each of the cases could nevertheless prosecute their suits upon their merits. True, appellant, by this stipulation, admitted that the appellee and the other parties to it had meritorious causes of action, in other words, by it confessed judgment, and that they, the several plaintiffs, did not bind themselves in like manner, but the latter did forego the immediate prosecution of their suits, which postponed the collection of their moneys. And the bonding company was thereby relieved of the expense and trouble of attending the trials of the several causes of action in the several courts, with its witnesses, etc. At least it would have been so relieved if it had abided by the stipulation. And it has gained the advantage of retaining the moneys in its possession which it might otherwise have had to deliver sooner. Without quoting it, we find the facts in this case to conclusively show that the agreement was signed by the attorneys; that the attorneys had full authority to bind their respective clients; that if appellant's counsel did not have authority to bind it, the directors with full information afterwards, by resolution spread upon its minutes, in all things, ratified it; and that its attempted rescission came after it had received the benefit of the stipulation and therefore could have no legal effect.

[4, 5] And as to the stipulation being nullified because Stuart after it had been executed declared that he would not be bound by it, he was bound by the act of his attorneys, and he could not, by a simple declaration, withdraw from it, but it seems to us that if he could have so done, and did, since the court in Bomar v. Scharbauer et al. holds that the appellant has no cause of action against him under the facts, he is no longer a necessary party to the stipulation nor to the cause of action, and there is no question that the facts as to all parties including Stuart are the same in this case as in the Bomar Case, and no such question could be raised by the stipulation; the parties have admitted them to be the same.

[6] It follows that the testimony of the witnesses, the admission of which is complained of by the third, fourth, fifth, sixth, and seventh assignments, was immaterial, because it is not likely that it would have affected the final result of the cause in any way. Said testimony being concerning the things said and done at the director's meeting in reference to the ratification of the contract, or stipulation, and as to Stuart's statement that he would not be bound by the stipulation, the court having instructed a verdict and we having concluded that there was sufficient evidence other than that complained of, to sustain the judgment, for these reasons the admission of the testimony was not error such as to require a reversal of this cause.

Finding no error in the record, the judgment of the trial court is affirmed.