## SAVAGE et al. v. INGRAM.
### No. 8393.

Court of Civil Appeals of Texas. San Antonio.
April 23, 1930.

Rehearing Denied May 21, 1930.

J. B. Lewright and W. M. Groce, both of San Antonio, for appellants.

John Wall and Bliss & Daffan, all of San Antonio, for appellee.

SMITH, J.

Upon her death on November 23, 1925, Mrs. Elizabeth Moore, widow of G. Bedell Moore, Sr., left a will containing the following provision:

"11: To my valued friend and business manager, J. H. Savage, of San Antonio, Texas, I hereby give and bequeath the sum of Twenty-five Thousand Dollars ($25,000.00).

"12: To Mr. Charles Swain, who has been in my employ for many years, I hereby give and bequeath the sum of Five Thousand Dollars ($5,000.00).

"13: To all of my employes who have served me five years and over, with the exception of the said Charles W. Swain and J. H. Savage, both of whom I have remembered in the manner above provided, I hereby give and bequeath the sum of One Thousand Dollars ($1,000.00), and it is my desire that this amount of money shall be paid to each of my household servants who shall come within the provisions hereof; to every other employe who has been in my employ for one year or more at the time of my death and who is not otherwise remembered by gift in this will, I hereby give and bequeath the sum of One Hundred Dollars ($100.00)."

Claiming to have been an employee of Mrs. Moore for a period of more than five years at the time of her death, Frank Ingram brought this suit against the executors of Mrs. Moore's estate to recover the legacy of $1,000 devised to those within said class. From a judgment in favor of Ingram for said amount, the executors have appealed.

The record shows that G. Bedell Moore, Sr., husband of the said Mrs. Elizabeth Moore, died testate in 1908, leaving the bulk of his large estate to his said wife and their minor son, G. Bedell Moore, Jr. Subsequently, this estate was partitioned between said devisees, so that the Moore building (a large office building in San Antonio), 72,487 acres of land, and the improvements thereon in Maverick, Kinney, and Val Verde counties, and certain personal properties, were apportioned to G. Bedell Moore, Jr. This Moore building is still owned by him and is being operated for the benefit of his estate. Mrs. Moore was the guardian of the estate of her son from the time of her husband's death until her death. As such guardian she operated the office buildings, farms, ranches, and other businesses belonging to her son. Among other properties, Mrs. Moore owned and operated the Bedell building, an office building adjoining the Moore building.

Frank Ingram, appellee, had been a porter in the Moore building for nineteen years at the time of Mrs. Moore's death. The Moore building was the property of G. Bedell Moore, Jr., and Ingram was paid his wages out of the latter's estate. J. H. Savage was manager of the whole Moore estate, including Mrs. Moore's portion as well as her son's. Charles Swain was superintendent of the Moore and Bedell buildings, and one McDay was the head janitor, or porter of those buildings. The janitors and porters of the Moore and Bedell buildings worked together in emergencies, such as, for instance, when heavy furniture or equipment was to be moved in either building the superintendent or head janitor would call in the janitors and porters from the other building to help those on hand. To that extent and for such purposes Ingram sometimes worked in the Bedell building, owned and operated by Mrs. Moore, individually. His regular employment, however, was in the Moore Building, owned by young Moore, but operated for him by his mother as the guardian of his estate. It was also in evidence, and therefore must be taken as true for the purposes of this appeal, that Ingram

sometimes did work about many of the properties of both estates, repairing, cleaning rent houses and premises. He was sent out "just now and then" to Mrs. Moore's residence to wash the windows, move a piano, help move things, "maybe clean up a room, something like that"; "they sent me out to clean up lots, some of Mrs. Moore's real estate, several vacant lots. * * * I helped to clean up two vacant lots, at different times." He, along with other porters and janitors in both the Moore and Bedell buildings, was required to wear a cap with a band on which were the printed words "Employee Bedell-Moore Bldgs." For many years Mrs. Moore remembered appellee, along with other employees of the estate, with gifts at Christmas and Thanksgiving. It is obvious from the record that appellee was at all times subject to the beck and call of Mrs. Moore, both directly and through her manager, building superintendent, and head porter or janitor. She did not hesitate to utilize his services, at her home or upon her various properties, and often called upon him for and obtained those services. She seemed to make no distinction between those who faithfully served her husband, her son, or herself, in her treatment of them, which, apparently, was always generous, kind, thoughtful. Neither Mr. Savage nor Mr. Swain was ever her individual employee, exclusively. They seem to have served her husband, herself, her son, indiscriminately, devoting their time and energies to the G. Bedell Moore estate generally, without regard to the division of ownership and control thereof. And yet in her will she remembered them with very substantial bequests, as if she regarded them as her employees. It seemed to be her intention, as disclosed in her will, to reward all those who had faithfully served her deceased husband and his estate through the years, and from all the facts and circumstances of the case, considered in connection with the language of her will, we conclude that the trial court was warranted in finding that Mrs. Moore intended that her bequests should include such employees as Frank Ingram.

The judgment is affirmed.