## SAVAGE et al. v. DORN.

### No. 2335.

Court of Civil Appeals of Texas. Beaumont.
April 19, 1933.

Rehearing Denied April 26, 1933.

J. B. Lewright, of San Antonio, for appellants.

John C. Wall and Bliss & Daffen, all of San Antonio, for appellee.

O'QUINN, Justice.

David Dorn, appellee, sued J. H. Savage, Guy S. McFarland, and Chauncey Dunn, Jr., independent executors of the estate of Mrs. Elizabeth Moore, deceased, and J. H. Savage, also, as guardian of the estate of G. Bedell Moore, Jr., a minor, to recover in the sum of $1,000. For grounds of recovery, he alleged that on or about November 23, 1925, Mrs. Elizabeth Moore died leaving a will in which she named the defendants as independent executors of her will; that the will had been duly probated, and that the defendants, appellants, had qualified and were acting as such independent executors, and that Savage was duly appointed guardian of the person and estate of the minor, G. Bedell Moore, Jr., had qualified and was acting as such; that in her will Mrs. Moore gave and bequeathed

to him (appellee) the sum of $1,000, but that appellants, as executors, refused to pay him said sum or any part thereof. He prayed for judgment against appellants, as such executors, for said sum, with interest and costs. The suit against Savage, as guardian, was dismissed.

Appellants answered by general demurrer, general denial, and specially denied the matters of fact alleged in appellee's petition.

Appellee filed motion for judgment, basing the motion on a certain agreement made in another case, Frank Ingrum v. J. H. Savage et al., alleged to be similar in facts and to involve the same questions of law. The motion was duly verified.

Appellants filed motion to strike said motion for judgment from the records. This motion was refused.

Appellants filed verified answer to the motion for judgment consisting of a general demurrer, general denial of the facts alleged in the motion, and specially denied that W. M. Groce, the attorney who represented appellants in the trial of the Frank Ingrum Case, and who made the agreement with appellee's counsel set up as the basis for the judgment sought, had either express or implied power or authority for either of the appellants to make the alleged agreement; that appellants had no knowledge of the making of said agreement until after the Supreme Court of Texas had dismissed their application for writ of error in said Ingrum Case, and that since they learned of said alleged agreement they repudiated same; and specially pleaded other matters against the execution and authority for the making of said agreement, which we do not deem necessary to state.

Appellee, by verified answer, replied to appellants' answer to the motion for judgment by general demurrer, and specially excepted to all matters specially pleaded by appellants against said motion, and realleged the making of the agreement by Attorney Groce for appellants, and that he was authorized so to do; that said attorney was fully cognizant of all the facts concerned in each of the four cases in question, and knew the full legal effect of said agreement in said cases; that neither fraud nor mistake on the part of Groce existed in the making of said agreement, but that same was entered into by all parties in good faith, and the terms of said agreement had been fully carried out by appellee, and appellants were estopped from denying said agreement and from the right to avoid same.

The court overruled appellee's general demurrer to appellants' answer to the motion for judgment, but sustained all of appellee's special exceptions thereto. The cause was then tried to a jury. At the close of the evidence, counsel for both appellee and appel-

lants moved for an instructed verdict. The court refused appellants' motion for verdict, but granted that of appellee. The verdict was accordingly returned, and judgment thereon rendered for appellee. Motion for a new trial was overruled, and the case is before us on appeal.

As is manifest, the decisive question here involved is whether the attorney for appellants, Hon. W. M. Groce, had the authority to make the agreement in question.

The record reflects the following: Upon her death on November 23, 1925, Mrs. Elizabeth Moore, widow of G. Bedell Moore, Sr., left a will containing the following provisions:

"(11) To my valued friend and business manager, J. H. Savage, of San Antonio, Texas, I hereby give and bequeath the sum of Twenty Five Thousand Dollars ($25,000.00).

"(12) To Mr. Charles Swain, who has been my employee for many years, I hereby give and bequeath the sum of Five Thousand Dollars ($5,000.00).

"(13) To all of my employees who have served me five years and over, with the exception of the said Charles W. Swain and J. H. Savage, both of whom I have remembered in the manner above provided, I hereby give and bequeath the sum of One Thousand Dollars ($1000.00), and it is my desire that this amount of money shall be paid to each of my household servants who shall come within the provisions hereof; to every other employee who has been in my employ for one year or more at the time of my death and who is not otherwise remembered by gift in this will, I hereby give and bequeath the sum of One Hundred Dollars ($100.00)."

On the same date in 1927 four separate cases were filed against J. H. Savage, Guy S. McFarland, and Chauncey Dunn, Jr., appellants herein, as independent executors of the estate of Mrs. Elizabeth Moore, deceased. The plaintiffs in said cases were Frank Ingrum, David Dorn, Manuel Ramon, and Sam Harris. Each of these plaintiffs claimed to have been an employee of Mrs. Elizabeth Moore, deceased, and to come within the description of "employees" that by clause 13 of her will she intended to make an object of her bounty. One of these cases, Frank Ingrum v. J. H. Savage et al., Executors, came on for trial in the district court of Bexar county, Tex., for the Seventy-Third judicial district, on about August 29, 1929. At that date the other three cases (mentioned above, including the instant case) were set for trial for the same date, one after the other. Hon. W. M. Groce, connected with the law firm of Lewright & Lewright, was representing appellants and had full charge and management of said cases, and Judge John C. Wall and Judge Don A. Bliss represented each of the plaintiffs in said cases. About the time an-

nouncement of ready for trial was made in the Ingrum Case, but before proceeding to trial, the said attorneys for the parties in said cases, in open court before and in the presence of Hon. Robt. W. B. Terrell, the then presiding judge of said court, had a full and free discussion of the pending cases, and it was made known to the court (before whom the Ingrum Case was to be tried without a jury) that said cases involved similar facts and the identical questions of law, and he thereupon suggested to counsel: "Well, gentlemen, if we are going to have to try all these cases, let us just let the same record go for all the cases; in other words, hear the same testimony at one time and then enter judgment in each case at the end of the testimony." After discussing the consolidation of the cases, to which appellants were opposed, it was suggested and finally agreed that all the other cases would be decided in accordance with the final determination of the Ingrum Case. This agreement was oral, but was to be reduced to writing. This was acceptable to the court, and he so announced. The Ingrum Case was then tried before the court and judgment rendered for the plaintiff Ingrum. This judgment was appealed to the Court of Civil Appeals at San Antonio [see 28 S.W.(2d) 189], and while said case was pending in said court on said appeal, on March 19, 1930, the Hon. W. M. Groce reduced the agreement to writing, and it was signed by all counsel. It follows:

"San Antonio, Texas, March 19, 1930.
"Mr. J. C. Wall, San Antonio, Texas.

"Dear Sir: This is to confirm our agreement that the cases of David Dorn, Manuel Ramon and Sam Harris v. J. H. Savage, et al, executors, pending in the Seventy-Third District Court of Bexar County, Texas, are based on the same or similar facts to the case of J. H. Savage, et al, executors of the last will and testament of Elizabeth Moore v. Frank Ingrum, now pending in the Court of Civil Appeals for the Fourth Supreme Judicial District of Texas, and that a final determination of the questions of law involved in the last mentioned cause, either in the Court of Civil Appeals, or Supreme Court in case same is carried to the Supreme Court will control the cases above mentioned which are now pending in the District Court, and that judgment may be rendered in the District Court in each of said causes in accordance with such final judgment as may be rendered in the Ingrum Case.

"Very truly yours,
"(Signed) W. M. Groce,
"Atty. for J. H. Savage, et al,
Executors.
"(Signed) John C. Wall,
"Don A. Bliss,
"Attorneys for plaintiffs in the above mentioned cases."

■■ It is contended by appellants that Hon. J. B. Lewright was their attorney, and that he at no time agreed to let the determination of the Ingrum Case control the other cases. That Attorney Groce was not authorized by them or by Mr. Lewright to make the agreement he did, and so they were not bound by the agreement. This contention is overruled. Mr. Groce, according to the record, is and for years had been an active and able lawyer, loyal to the interests of his clients, and associated with Mr. Lewright in the practice of law, and had full and complete conduct and control of the numerous and important cases assigned to him, not only in the trial courts, but· in the appellate courts as well. The cases here in question were regularly assigned to him for litigation and he appeared for and fully represented the appellants in each of said cases, following the Ingrum Case through to the Supreme Court. By the overwhelming weight of authority, counsel for parties may make binding agreements, where employed in several different suits by or against different parties, but all involving the same issues, and the interest of his client being of the same character in all, that the trial and final determination of one of the cases shall determine the issues in all the others. In other words, that, in such state of facts, the trial of one of the cases shall determine all the others. 3 A. & E. Ency. Law (2d Ed.) 354; 6 C. J. Sec. 156, pp. 647–648 (and authorities there cited); Stone v. Bank of Commerce, 174 U. S. 412, 19 S. Ct. 747, 43 L. Ed. 1028–1031; Commonwealth Bonding & Casualty Ins. Co. v. Beavers (Tex. Civ. App.) 186 S. W. 859; Commonwealth Bonding & Casualty Ins. Co. v. Brannin (Tex. Civ. App.) 186 S. W. 862 (writ refused). Such agreements, as a rule, should be, and are, favored by the courts. They prevent multiplicity of trials, long drawn out and costly litigation, and hasten the dispatch of the court's business. As was said in Porter v. Holt, 73 Tex. 447, 11 S. W. 494: "Agreements of counsel, made during the progress of a cause, ordinarily tend to the dispatch of business, and should be favored by the courts. The agreement should not be set aside at the instance of either party, when the party invoking such action has obtained an advantage under it, or when its withdrawal will place the opposite party in worse position than if it had never been made."

In the instant case appellants benefited by the agreement, in that, though each of the other cases were on call and doubtless would have been tried right after the Ingrum Case with like judgment, by the agreement they were passed, in fact, taken from the call docket, and lay dormant awaiting the final judgment in the appellate courts of the Ingram Case from August 29, 1929, and have had the use of the $1,000 sued for until this time. By said agreement appellants avoided a multiplicity of trials, of records, and of costs incident to the trials of said passed cases. Appellee suffered the loss of the right to have had a timely trial of his suit, the detention of his money, to which under the judgment and agreement in the Ingrum Case he was entitled, and is now contending with appellants in an appeal of his case notwithstanding the said agreement. He, it turns out, was placed in a worse position by the agreement than if it had not been made, for in that event he would doubtless have had trial and final judgment long ere this. We think that, under all the facts and circumstances appearing, it would be an unjust advantage, if not a fraud on the rights of appellee, to permit appellants to deny and set aside the agreement in question. Mitchell v. Hancock (Tex. Civ. App.) 196 S. W. 694, 702.

Appellants' contention that the judgment should be reversed, because it was not alleged and proven that Mr. Groce had express authority from appellants to make the agreement, cannot be sustained. Mr. Groce was the attorney of record for appellants. His authority to represent them in such capacity is not questioned, and, indeed, could not be. He answered for them, appeared in each of the cases a number of times, he says "fifteen or twenty when they were set for trial." No one but him appeared for appellants or took part in the proceedings. He certainly was impliedly authorized to make the agreement. In the language of Mr. Justice Peckham of the United States Supreme Court, in Stone v. Bank of Commerce, 174 U. S. 412, 19 S. Ct. 747, 751, 43 L. Ed. 1028–1031: "When an attorney has been retained, he has certain implied powers to act for his client, in a suit actually commenced, in the due and orderly conduct of the case through the courts. In cases of suits actually pending, he may agree that one suit shall abide the event of another suit involving the same question, and his client will be bound by this agreement."

■ Neither can appellants' insistence that Mr. Groce was mistaken as to the facts involved, and, therefore, the agreement should not be enforced, be sustained. The only fact question was whether appellee, as an employee of Mrs. Moore, came within the terms of the will. Mr. Groce testified that at the time the agreement was made he had examined the pleadings in all four of the cases and knew the difference in the facts alleged in the different cases. That he read all the pleadings and had prepared the cases for trial. That he had talked to the men in the office of the Moore Estates and to appellant Savage. That he checked the pay rolls of the employees in the employ of said estates to ascertain the kind and length of their employment. That just before the Ingram Case was tried he went over the books in Mr. Savage's office and checked up the duration of time that the various employees had been

working. We think this shows that Mr. Groce was very careful to ascertain all the facts and had them in mind when he made the agreement.

■ The further contention of appellants that the judgment must be reversed because appellee did not introduce evidence supporting his cause of action as pleaded, and that, therefore, the judgment was without evidence to support it, is overruled. The agreement upon which the motion for judgment was based concedes the facts, in the event the Ingrum Case, on the facts, was finally determined against appellants. The Ingrum Case was finally determined against appellants, and the agreement admits that the facts in this case are the same or similar to those in the Ingrum Case. This avoided the necessity of appellee offering evidence. See Savage v. Ingram (Tex. Civ. App.) 28 S.W.(2d) 189; Santa Fé Townsite Co. v. Parker (Tex. Civ. App.) 211 S. W. 274-275; Stark v. Leonard (Tex. Civ. App.) 212 S. W. 677, 679.

All of appellants' assignments of error have been considered, none of them show error, and are all overruled.

The judgment should be affirmed, and it is so ordered.

Affirmed.