**SAVAGE et al. v. GUZMAN.**

No. 9707.

Court of Civil Appeals of Texas.
San Antonio.

Feb. 12, 1936.

Rehearing Denied March 25, 1936.

J. B. Lewright, of San Antonio, for appellants.

John C. Wall, of San Antonio, and Boggess, LaCrosse & Lowrey, of Del Rio, for appellee.

MURRAY, Justice.

The will of Mrs. Elizabeth Moore, deceased, which has been heretofore duly probated, contains the following provision, to wit: "13. To all of my employes who have served me five years and over, with the exception of the said Charles W. Swain and J. H. Savage, both of whom I have remembered in the manner above provided, I hereby give and bequeath the sum of One Thousand Dollars ($1,000.00), and it is my desire that this amount of money shall be paid to each of my household servants who shall come within the provisions hereof; to every other employe who has been in my employ for one year or more at the time of my death and who is not otherwise remembered by gift in this will, I hereby give and bequeath the sum of One Hundred Dollars ($100.00)."

Appellee, Estevan Guzman, instituted this suit against J. H. Savage, Guy S. McFarland, and Chauncey H. Dunn, Jr., as independent executors of the estate of Mrs. Elizabeth Moore, deceased, seeking to recover the sum of $1,000, alleging that he had been in the employ of Mrs. Moore for more than five years and was entitled to recover that sum under the provisions of section 13 of Mrs. Moore's will.

Appellee alleged that he had been in the employ of Mrs. Moore for the period of time required by section 13 as a laborer, and that he had worked upon farms and houses owned and controlled by Mrs. Moore either individually or as guardian of the estate of her minor son, G. Bedell Moore, Jr.

The trial was to a jury, and, the jury having answered the special issues submitted to it favorably to appellee, the trial court entered judgment that appellee re-

cover of the said Savage, McFarland, and Dunn, in their said representative capacity, the sum of $1,000, together with interest at the rate of 6 per cent. per annum. From this judgment the executors have prosecuted this appeal.

The evidence shows that appellee had, for the required time of five years, been an employee of Mrs. Moore's, in her representative capacity as guardian of the estate of her minor son, G. Bedell Moore, Jr. The evidence further shows that he had, on one occasion, hauled some dirt for the yard of a home owned by Mrs. Moore, in her individual capacity, but we regard this isolated fact as of no consequence.

The question here presented is whether or not the language used in section 13 of the will, "To all of my employes who have served me five years and over, * * * I hereby give and bequeath the sum of $1000.00, * * *" shall be construed so as to include employees who had served her only in her representative capacity as guardian of the estate of her minor son. We answer this question in the negative. It is true that in a legal sense the employees working for the estate of her minor son are her employees, but it is clear from the language used that the testatrix intended this bequest to be limited to her individual employees who had served her personally. The words "my employes," "who have served me," permit of no other meaning or intention on the part of Mrs. Moore.

We are cited to the case of Savage v. Ingram (Tex.Civ.App.) 28 S.W.(2d) 189, in which case this very section of Mrs. Moore's will was under consideration. In that case this court held that under the facts of that case Frank Ingram, while employed primarily as a janitor in property belonging to the minor son, he was also an employee of Mrs. Moore's individually, and that he had rendered services for her individually for a period of approximately seventeen years, and was such an employee as was described in section 13 of the will. The court, having decided that Ingram was a personal employee of Mrs. Moore's, was not called upon to decide whether an employee who was employed by Mrs. Moore only in her representative capacity should be included as a beneficiary under section 13 of the will.

The trial court erred in not granting appellants' motion for an instructed ver-dict. The judgment will therefore be reversed and judgment here rendered that appellee take nothing.

Reversed and rendered.