## SAVAGE et al. v. DELGADO.
### No. 9708.

Court of Civil Appeals of Texas.
San Antonio.

March 25, 1936.

Rehearing Denied April 22, 1936.

J. B. Lewright, of San Antonio, for appellants.

John C. Wall, of San Antonio, and Boggess, LaCrosse & Lowrey, of Del Rio, for appellee.

MURRAY, Justice.

This cause is a companion case to Savage v. Guzman, 91 S.W.(2d) 1178, heretofore decided by this court on February 12, 1936. It involves another alleged employee of Mrs. Elizabeth Moore claiming a legacy of $1,000 under the provisions of section 13 of Mrs. Moore's will.

Appellee, Aleseo Delgado, who was plaintiff below, contends that he was an employee of Mrs. Moore for more than five years next preceding her death, and that he comes within the description of those employees who were to receive a legacy of $1,000 under section 13 of Mrs. Moore's will.

The trial was to a jury, and upon the verdict of the jury judgment was entered in Delgado's favor for the sum of $1,000, together with interest, from which judgment the executors of Mrs. Moore's estate have prosecuted this appeal.

The evidence shows that, in addition to the fact that appellee, Delgado, was employed by Mrs. Moore as guardian of her minor son's estate, he also worked for Mrs. Moore, individually. He testified in substance as follows: "I worked for Mrs. Moore since 1915. I worked for her on the 80 acres; I also worked for her in Number 8. No. 8 is part of the Val Verde Irrigation Farm. I worked since 1915 to 1925, when she died. Mrs. Moore had a home in Del Rio. Sometimes she would go there every month. I worked at her home in Del Rio, working in the yard. I was engaged in working about her home for seven years. I knew her. My work consisted of cutting the grass and watering the plants. I did not work in the house. I was paid wages during all this time from 1915 to her death. I worked on the farm from 1915 to 1918, then began work in the yard (of her home) and never after that worked anywhere except in the yard."

On cross-examination he said: "I worked by the week. I was paid every week by the same person. Mrs. Moore never paid me herself. They paid me at the office (meaning the office of the Val Verde Irrigation Company, which is merely a trade name for the minor's estate and entirely owned by the minor)."

This testimony was given credence by the jury and was sufficient to sustain their findings in appellee's favor.

These facts bring this case clearly within the rules set forth in the case of Savage v. Ingram, 28 S.W.(2d) 189, in which this court approved a recovery against the Moore estate under very similar facts and circumstances.

We have here a question of limitation. It is contended that appellee's suit is barred by the four-year statute of limitation. We do not agree with this contention. Appellee had a right to presume that the executors would carry out the provisions of the will and in due time pay to him his legacy. Limitation would not begin to run against him until the executors definitely and finally notified him that they would not pay him anything under the

will. McKinney v. Nunn, 82 Tex. 44, 17 S. W. 516; Barnet v. Houston, 18 Tex.Civ. App. 134, 44 S.W. 689; Wilson v. Simpson, 80 Tex. 279, 287, 16 S.W. 40.

Accordingly, the judgment of the trial court is affirmed.

The opinion heretofore delivered by this court will be withdrawn, and the judgment based thereon set aside.

Affirmed.