## LAIRD et al. v. DIXIE MOTOR COACH CORPORATION.

No. 12520.

Court of Civil Appeals of Texas. Dallas.

Nov. 19, 1938.

Rehearing Denied Dec. 10, 1938.

E. G. Senter, of Dallas, for plaintiffs in error.

Malone, Lipscomb, White & Seay, of Dallas, and Raymond E. Buck, of Ft. Worth, for defendant in error.

LOONEY, Justice.

Two adjoining one-story brick buildings, about 50x100 ft. each, separated by an inner partition wall, located on the North side of Jackson Street, City of Dallas—one owned by E. G. Senter, Jr., the other jointly by A. S. Laird and the other plaintiffs in error—were under separate, but substantially similar leases to the Dixie Motor Coach Corporation (defendant in error) as a garage and motor bus depot. The premises—that is, the two buildings—were so impaired by fire that the Coach Corporation refused to further occupy same, contending that the lease contracts terminated by reason of such impairment. At the expiration of the lease period, E. G. Senter, Jr., and A. S. Laird et al. filed separate suits against the Coach Corporation for the recovery of prospective rents or damages for the alleged breach of the contracts; E. G. Senter, Sr. (one of the plaintiffs in error) being attorney of record for the plaintiffs. The two cases were on the docket of the 44th District Court, Dallas County—the E. G. Senter case being number 88231–B, and the A. S. Laird et al. case being number 88232–B; the cause of action alleged in each case being substantially the same as to the facts and legal questions involved.

At the conclusion of the trial of cause number 88231–B (the E. G. Senter, Jr., case), E. G. Senter, Sr., attorney of record, stated in open court that, in his opinion, the facts and law questions involved in the two cases being identical, he saw no reason or necessity for trying out cause number 88232–B (the A. S. Laird et al. case) and was willing to enter into a stipulation, to the effect that said cause should remain on the docket pending the outcome of the proposed appeal in cause number 88231–B, and subject to the result of the final judgment in the Appellate Court in said cause; and that, if a final judgment determined the issues of law in cause number 88231–B in such way as to dispose of the cause of action, a judgment conforming to the rulings of the Appellate Court should be rendered in cause number 88232–B, without trial or further proceedings. The stipulation suggested was agreed to, but was not immediately reduced to writing and, in the meantime, E. G. Senter, Sr., with reference to the matter, wrote attorneys representing the Coach Corporation, calling attention to the agreement, stating: "Gentlemen, You will remember that it was agreed between us that the final judgment in this case (referring to the case of E. G. Senter, Jr. number 88231–B) should be adopted as the final judgment in the case of A. S. Laird v. Dixie Motor Coach Corporation. Please advise me whether an agreement to this effect shall be filed". The agreement was later reduced to writing, signed and filed, which, omitting formal parts, reads as follows: "It is agreed by and between the parties, plaintiffs and defendant, in the above entitled and numbered cause, acting for themselves and through their attorneys of record: 1. That the pleadings in this case shall be amended so as to conform in terms; allegations of fact, and statement of cause of action to the pleadings upon which the parties, plaintiffs and defendant, went to trial on the 22nd day of March, A.D. 1932, in Cause No. 88231, pending in the District Court of Dallas County, Texas, entitled E. G. Senter, Jr., vs. Dixie Motor Coach Corporation, the only variation therein to be such as is required to plead the names, dates, rates and terms. 2. That this cause shall remain on the docket of the District Court, for the 44th Judicial District, subject to the result of the final judgment in the Appellate Court in said cause No. 88231. If said final judgment disposes of the issues of law in cause No. 88231 in such a way as to determine and dispose of the cause of action in the appeal therein taken, then judgment shall be rendered herein without trial or further proceedings, to conform to the rulings of the Appellate Court in Cause No. 88231 on the issues of law. If the issues of law are not settled in the Appellate Court in Cause No. 88231 in such a way as to dispose of the cause of action, then this agreement shall thereby and thereupon terminate, and this cause shall be tried, or handled thereafter, as if this agreement had not been made."

In the suit of E. G. Senter, Jr., number 88231–B, judgment was rendered for the defendant on an instructed verdict; an appeal was prosecuted to this court and the judgment below affirmed. See Senter v. Dixie Motor Coach Corporation, Tex.Civ. App., 67 S.W.2d 345; Id., Tex.Civ.App., 68 S.W.2d 1117. An application for writ of error was granted by the Supreme Court, and later an opinion by Section A of the Commission of Appeals, adopted by the Supreme Court, affirmed the judgments of the trial court and of the Court of Civil Appeals. See 128 Tex. 389, 97 S.W.2d 945. Thus, the judgment in cause number 88231–B, becoming final, settling the issues of law against the plaintiff, counsel for the Coach Corporation filed a motion in this case for judgment, based upon the stipulation above mentioned. The motion was resisted by plaintiffs in error, but after a full hearing the trial court sustained same and entered judgment in favor of defendant in error. The case is before us for review on writ of error.

The contention of plaintiffs in error is best presented in the language of their counsel, as follows: "If the ruling of the Supreme Court listed above is a ruling on an issue of law, because it involves a construction of the lease contract, it still remains that it is impossible to render judgment herein, 'to conform to the rulings on the issues of law', because such ruling is based on a finding of fact in the Senter Case, whereas the facts in this case have never been tried. There is no stipulation that the facts in the Senter Case and this case are the same. On a trial of this case, it may appear that the damages to the Laird building were such that the building could have been restored to fit condition by ordinary repairs. The stipulation three times limits its binding force to 'issues of law' in the Senter Case. Therefore, the provision becomes applicable: 'If the issues of law are not settled in the appellate court in cause no. 88231 in such a way as to dispose of the action, then this agree-ment shall thereby and thereupon terminate, and this cause shall be tried, or handled thereafter, as if this agreement had not been made.'"

■ We do not accept this view. The record, in our opinion, discloses that the stipulation was entered into on the assumption by the parties that the material facts involved in each case, including the lease contracts, were substantially the same, presenting for decision the same questions of law. This, we think, is revealed in the first paragraph of the stipulation heretofore set out, which provides that, the pleadings in the instant case (88232–B) should be amended so the allegations of fact and statement of the cause of action would be same as in the case of E. G. Senter, Jr. (88231–B). If, at the time the agreement was entered into, the facts involved in the cases were not considered substantially the same and the causes of action identical, the stipulation just referred to, would have been out of place, and without logical connection. The facts in each case being substantially the same, it follows that they presented for decision the same question of law.

■■ The doctrine is well settled that, an attorney of record in several different cases against the same or different parties, involving the same issues, the interests involved in each suit being of the same character, may stipulate that the trial and decision in one case shall be determinative of the issues in the other. Such agreements are favored by the courts because, ordinarily, they prevent a multiplicity of trials, also long drawn-out costly litigation, and hasten the disposition of business by the courts. See 7 C.J. Secundum, p. 920, Attorney and Client § 100; same doctrine was announced by the Beaumont Court in Savage v. Dorn, Tex.Civ.App., 60 S.W.2d 312, 314.

We find no error in the judgment of the trial court, therefore, the same is affirmed.

Affirmed.