# TEXAS SUPREME COURT REPORTS.

## AUSTIN TERM, 1889.

### R. S. PORTER v. J. M. HOLT.

No. 6316.

73    447
82    675

1.. **Agreements between Counsel.**—Such agreements should be favored by courts. An agreement should not be set aside at the instance of either party when the one invoking action has obtained an advantage under it, or when its withdrawal would place the opposite party in a worse position than if it had never been made.

2. **Same—Practice.**—The motion to set aside an agreement made by counsel in the case showed that counsel for the motion through a mistake had yielded up a defense affecting the substance of the litigation. No injury to the adverse party appearing, the action of the court refusing to set aside the agreement will be revised on appeal, and under such circumstances the refusal is ground for reversal.

APPEAL from Bosque. Tried below before Hon. J. M. Hall.

The agreement of counsel and the affidavit submitted in support of the motion to set it aside are given.

The agreement bore date June 15, 1884, and was "That the plaintiff J. M. Holt has a good and sufficient legal title to the A. B. King 640 acres survey of land as per field notes in the patent; and that the defendants have a good and sufficient legal title to the John Hensley 640 acres survey as per field notes in the patent, both located on head of Steel Creek, in Bosque County, Texas.

"And that the only question in this suit is the true boundary line between the said surveys. And that either party may introduce any written evidence without filing, giving notice, or making affidavits of loss of originals."

The affidavit is as follows: " Now comes defendant Porter and asks leave of the court to withdraw the agreement filed in the cause between counsel on the —— day of ——, 1885, or so much thereof as binds defendant to confine the trial to determine the true boundary line between the A. B. King, owned by plaintiff, and the John Hensley, partly owned by this defendant, for he says:

"1. That said agreement was made by his attorney inadvertently and under a mistake of the fact that defendant could establish limitation.

"2. He says that his attorney had no express authority from him to make said agreement, and he can not be bound thereby because it will prejudice his rights.

[447]

"But defendant says he is willing to ratify and stand by so much of said agreement as agrees that plaintiff has a full and complete chain of title from the government down to himself for the land described in said agreement, and that he may read in evidence any and all title papers, either original or copies, without filing, giving notice, or making affidavit of loss.

"Defendant also agrees if plaintiff demands it that his cause may be continued as on affidavit of defendant and the costs thereof charged to him.

"Wherefore he asks that said agreement .be withdrawn or so much thereof as confined this suit simply to a question of boundary."

The motion was refused and the pleas of limitation filed by the defendant were stricken out. After several terms the case was tried upon the question of boundary and resulted in a judgment for plaintiff. The only matter discussed in the opinion is the action of the court upon the agreement.

*Lockett & Lockett* and *Carleton & Ruggles*, for appellants. — 1. The agreement entered into between the counsel for plaintiff and defendants on the fifteenth day of January, 1884, having been entered into by defendants' counsel under a mistake as to the facts of the case, could have been withdrawn by the defendants by leave of the court obtained, and which leave should have been given, if it could have been given at such a. time so as not to have prevented plaintiff from obtaining testimony which existed at the time such agreement was made to prove the facts in his favor which were conceded by said agreement. Botts v. Martin, 44 Texas, 91; Hancock v. Winans, 20 Texas, 320.

2. Attorney for defendant had no right as such attorney to make any agreement without the express authority of ' his client to waive any legal defense which his client had in this action. Botts v. Martin, 44 Texas, 91; Hancock v. Winans, 20 Texas, 320; Mitchell v. Cotton, 3 Fla., 136; Howe v. Lawrence, 22 N. J. Law, 99.

*Alexander, Winter & Dickinson*, for appellee.—There was no error in the refusal of the court to allow defendant Porter to withdraw the agreement made January 15, 1884:

1. Because it is not shown in said motion that there was any mistake about the facts, in that it is not made to appear by a statement of any facts existing and to be proved that Porter could have shown that plaintiff's action was barred by limitation.

2. It does not appear from said motion that the attorney did not have authority to make the agreement.

3. The refusal to allow the agreement to be withdrawn was a matter wholly within the discretion of the court.

4.   The motion was to withdraw only a part of the agreement, leaving a part to stand.   Beaumont Pasture Co. v. Smith, 65 Texas, 459; Punchard v. Delk, 64 Texas, 360, and 55 Texas, 306.

Gaines, Associate Justice.—This suit was brought in the court below by appellee to recover of appellants a strip of land, and involved the question of the true location of the boundary line between the A. B. King and the John Hensley surveys.   The plaintiff claimed under the former and the appellees under the latter survey.   After the institution of the suit on the 14th day of January, 1884, an agreement in writing was signed by the attorneys for the respective parties, and was filed among the papers in the cause the next day.   The terms of the agreement were in substance that the plaintiff had title to the land embraced in the field notes of the King and that the defendants had title to that included within the lines of the Hensley patent, and that the only question was as to the true boundary line between the two surveys, and also that either party might introduce any written evidence without filing a notice, etc.

On the 23d of February, 1885, defendant Porter filed a motion to set aside so much of the agreement as limited the issues in the case to the question of boundary, alleging as the ground of the motion that it was entered into by his attorney without his express authority, and under a mistake as to the fact that he could show title to the portion of the land in controversy claimed by him by limitation.   The motion was verified by oath of the attorney, but was overruled by the court, and the ruling is assigned as error.

Agreements of counsel made during the progress of a cause ordinarily tend to the dispatch of business, and should be favored by the courts. The agreement should not be set aside at the instance of either party when the party invoking such action has obtained an advantage under it or when its withdrawal will place the opposite party in worse position than if it had never been made.   But in this court such agreements have never been treated as binding contracts to be absolutely enforced, but as mere stipulations which may be set aside in the sound discretion of the court when such action may be taken without prejudice to either party. McClure v. Sheek's Heirs, 68 Texas, 426; Hancock v. Winans, 20 Texas, 320.

In this case there was no opposing affidavit showing that the plaintiff would have been placed in worse position for prosecuting his cause than he would have been had no agreement been signed and filed; nor does it appear from the record that he would have been in any manner prejudiced by granting the motion.   The cause was not tried until January, 1887—nearly two years after the motion was overruled.   If it had appeared that the cause was ready for trial under the issues as limited by the agreement, and that a continuance would have been necessary to en-

able him to meet the new defense proposed to be set up, this would have been a sufficient reason for overruling the motion. The defendant's offer to continue the case as upon his own application would not have relieved the difficulty. The plaintiff in the suit may be presumed to have an interest in a speedy determination of the case and a continuance may have been prejudicial to his rights. But since it appears that the cause was continued upon the limited issues made by the agreement it is apparent that its withdrawal would not have operated to his prejudice. The motion showed that the attorney through a mistake had agreed to yield up a substantial defense to the action, and we are of opinion that under the circumstances the court should have granted the motion. The setting aside of such agreements is ordinarily in the discretion of the courts and their action will not as a general rule be revised. But where the agreement involves something more than a mere matter of practice and affects the substance of the cause of action or the character of the defense, and it appears that it has been entered into by counsel without a knowledge of the facts and that its withdrawal will not operate to the prejudice of either party, the motion to set aside ceases to be a matter of mere discretion and should be granted by the court. It follows that we are of opinion that appellants' first assignment of error is well taken. From this it also follows that the court erred in striking out the pleas of the statute of limitations.

The other assignments relate to the charge of the court, and the errors there complained of, if errors they be, are such as are not likely to occur upon another trial and will not be considered.

It should be remarked, however, that the instruction complained of in the fourth assignment standing alone was calculated to mislead the jury, and it is doubtful if the other portions of the charge were sufficient to correct the error.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered April 9, 1889.