Charlene WILKINSON, Petitioner,

v.

Louis Edward STEVISON, Respondent.

No. B–4310.

Supreme Court of Texas.

Oct. 16, 1974.

Waldman & Smallwood, Daylee Wiggins and Alvin E. Wiggins, Beaumont, for petitioner.

Orgain, Bell & Tucker, Lawrence Louis Germer, Beaumont, for respondent.

DANIEL, Justice.

The only issue on this appeal is whether the contributory negligence of a husband-driver may be imputed to a wife-owner-passenger so as to bar her recovery from a negligent third party for personal injuries sustained in an automobile accident which occurred while an agency or joint enterprise relationship existed between the husband and wife.

Referring to the parties as in the trial court, Charlene Wilkinson, plaintiff, sought from the defendant, Louis Edward Stevison, damages for physical pain and mental anguish arising from a collision between their respective automobiles on

March 21, 1971. Plaintiff was the owner of the automobile in which she was riding, and it was being driven at her request and under her direction by her husband, John Henry Wilkinson. The jury found her damages to be $2,000. The trial court, however, based upon findings of negligence by the defendant and contributory negligence by the husband-driver, each of which were found to be proximate causes of the collision, and findings of the existence of joint enterprise and agency between plaintiff and her husband, entered a take nothing judgment in favor of the defendant. The Court of Civil Appeals affirmed. 500 S.W.2d 549. We reach the same result and affirm for the reasons hereinafter set forth.

The four findings of the jury favorable to the defendant on agency and joint enterprise are set forth in the margin.[1] No evidentiary points of error were assigned in the Court of Civil Appeals or in the original application for writ of error filed in this Court.

The issue on appeal was limited by the following statement and stipulation of the parties in accordance with Rule 377a, which resulted in the filing of an abbreviated statement of facts under Rule 375:[2]

"It is stipulated that the only issue for the appellate court is whether or not the jury findings in this case as to agency and joint enterprise require that judgment be entered against Charlene Wilkinson. That it to say, in view of the recent decision of the Supreme Court in Franco vs. Graham, and any subsequent or related cases, are these jury findings sufficient to cause negligence of the husband to be imputed to the spouse, thus barring her recovery to [sic] pain and suffering and mental anguish."

Plaintiff's only point in the Court of Civil Appeals (and before this Court in her original application for writ of error) complained of the trial court's judgment for the defendant "because the negligence of the husband should not be imputed to the wife, in a joint venture and/or an agency relationship, barring recovery for the wife's personal injuries." At these stages of the appeal, plaintiff's argument was based primarily upon the mistaken notion that our opinion in Graham v. Franco, 488 S.W.2d 390 (Tex.1972), precluded imputation of negligence between husband and wife as a bar to the recovery for personal injuries under any and all defenses and irrespective of whether legal relationships other than marital were shown to exist between the husband and wife. While plaintiff's application for writ of error was pending in this Court, we decided Shoe-

---

1. "SPECIAL ISSUE NO. 23. Do you find from a preponderance of the evidence that on the occasion in question John Henry Wilkinson was operating the vehicle in furtherance of a mission for the benefit of Charlene Wilkinson? . . . Answer: Yes.

"SPECIAL ISSUE NO. 24. Do you find from a preponderance of the evidence that on the occasion in question John Henry Wilkinson was operating the vehicle in furtherance of a mission for the benefit of Charlene Wilkinson and subject to control by Charlene Wilkinson as to the details of the mission? . . . ANSWER: Yes.

"SPECIAL ISSUE NO. 25. Do you find from a preponderance of the evidence that Charlene Wilkinson had a joint interest with John Henry Wilkinson in the object and purpose of the trip, and had at least an equal right, expressed or implied, to direct and control John Henry Wilkinson in the operation of the vehicle? . . . ANSWER: Yes.

"You are instructed that by 'equal right, expressed or implied' is meant a right to control the operation of the vehicle and not the actual physical control. You are further instructed that the owner of a vehicle maintains a right to control a driver in the operation of a vehicle in which the owner is a passenger, unless such right of control is affirmatively relinquished by the owner.

"SPECIAL ISSUE NO. 25a. Do you find from a preponderance of the evidence that on the occasion in question Charlene Wilkinson had given up the right to control the vehicle, in which she was riding, to John Henry Wilkinson? . . . ANSWER: We do not."

2. All citations to Rules refer to the Texas Rules of Civil Procedure.

maker v. Whistler, 513 S.W.2d 10 (1974). Our opinion in that case substantially varied from previous decisions cited by the Court of Civil Appeals in this case on the elements of joint enterprise required for imputation of contributory negligence. On the same day that *Shoemaker* was decided, we granted the writ in this case and requested the parties to submit supplemental briefs.

Plaintiff filed an amended application for writ of error, in which it was insisted that both *Franco* and *Shoemaker* support her previous arguments that the jury findings are immaterial and should have been disregarded because imputation of the husband's negligence to the wife is precluded by *Franco* even when the additional relationship of principal and agent or joint enterprise is found to exist.

■ Plaintiff further added for the first time on this appeal a "no evidence" point, asserting that there was no evidence to raise the issue of agency so as to impute negligence of the husband to the wife. We consider this point outside the limited scope of this appeal. Rule 377a specifically provides that for the purpose of inducing the opposing party to accept an abbreviated statement of facts, an appealing party may file a statement of the points on which he intends to rely on appeal; "and he shall thereafter be limited to such points." The "no evidence" point was not listed as one on which the plaintiff intended to rely. Furthermore, it would be impossible for the Court to consider it in the absence of a complete statement of facts.

■ After a careful re-examination of *Franco* and *Shoemaker*, we conclude that neither case precludes the possibility of an agency or joint enterprise relationship between a husband and wife which would make the negligence of one imputable to the other in actions for personal injuries. Our decision in Graham v. Franco, *supra*, was concerned with property rights between husband and wife, holding that "recovery for personal injuries to the body of the wife, including disfigurement and physical pain and suffering, past and future, is separate property of the wife," and that as to such recovery the contributory negligence of the husband does not bar the recovery of the wife. The holding was that the mere relationship of husband and wife will not bar the enumerated recoveries, pointing out that, "in the case at bar, the only acts of contributory negligence pleaded, submitted, and found were those of Mr. Franco." The question of whether a different result would have been reached upon a jury finding that Mr. Franco was acting as agent for Mrs. Franco, or together with her in a joint enterprise, was not before the Court.

As stated in the subsequent case of Shoemaker v. Whistler, *supra:* "There was no showing or contention that the husband and wife in *Franco* were engaged in a joint enterprise calling for the imputation of the negligence of one to the other and our decision there does not rule the question here." *Shoemaker,* in holding that "a commercial or business" interest in the common purpose of the joint enterprise is essential for the imposition of vicarious liability on the joint owner of an airplane who was riding in the plane when it crashed during a joint enterprise, overruled some of the cases which had been theretofore cited by the Court of Civil Appeals in this case. Those cases applied a broader rule in similar joint enterprise situations which involved imputation of contributory negligence or imposition of vicarious liability, and the Court of Civil Appeals was then justified in citing them and suggesting that any change in the rule should be made by this Court rather than the intermediate court. In our subsequent adoption of the "commercial or business interest" requirement, we said in *Shoemaker*:

"Under this rule the elements of joint interest in the purposes of the enterprise and an equal right of control of the conveyance being used to further the enterprise will not be sufficient to impose vi-

carious liability or to impute contributory negligence."

■ In thus adding a necessary element for the imposition of vicarious liability and imputation of contributory negligence in joint enterprise situations, *Shoemaker* did not, as argued by plaintiff, render the doctrine inoperative and inapplicable to a husband and wife. Clearly, a husband and wife are not foreclosed, merely because of their marital relationship, from engaging in a joint enterprise which would meet all of the requirements set forth in *Shoemaker* for imputation of one's contributory negligence to the other. See Restatement (Second) Torts § 487 and § 491, Comment h. Whether plaintiff and her husband did so in the instant case, or whether the issues and instructions to the jury were adequate on the joint enterprise question in the light of Rule 279, are questions beyond the limited scope of this appeal.

■ As to the relevance and effect of the jury's findings of agency, it should be stated that the marital relationship does not in itself make one spouse the agent of the other. Gravis v. Physicians & Surgeons Hospital, 427 S.W.2d 310 (Tex. 1968). Neither do actions resulting merely from the status of husband and wife impose upon them the liabilities or imputed negligence incident to the relationship of principal and agent. Virginia Transit Company v. Simmons, 198 Va. 122, 92 S.E.2d 291 (1956). On the other hand, the marital relationship in itself does not prevent one spouse from making the other his or her agent through the actions found by the jury to have occurred in the instant case. The total community property immunization against recovery for personal injuries of the non-negligent spouse which tortfeasors enjoyed prior to *Franco* accounts for the lack of cases in this State involving defenses based upon contributory negli-

gence of one spouse when acting as agent for the other. However, in other jurisdictions which have no imputation of contributory negligence due to community property insulations, the agency of one spouse for the other has been treated as a relationship which will impute the agent's negligence to the principal. 58 Am.Jur.2d, Negligence § 467. See, however, the limitations on this rule stated in *Virginia Transit Company, supra,* when usual activities resulting merely from the marital status are involved.

Plaintiff concedes that under the law of agency the negligent acts of the agent performed in the course of his agency are imputable to the principal, and that generally the relation of joint enterprise and agency may exist between husband and wife. Counsel for plaintiff states that the law "should be unchanged, except for the driver-passenger situation between husband and wife." The argument for this special treatment is based almost entirely upon the theory that joint enterprise and agency in husband and wife driver-passenger situations exist so often that the separate property gains under *Franco* will be lost by circumvention. In view of the strict rule now applicable to joint enterprises under *Shoemaker, supra,* and the requirements for the status of agency in husband and wife situations, as stated in *Virginia Transit Company, supra,* we do not foresee the result feared by plaintiff. Future cases will depend on the facts of each case. When there is an unchallenged fact finding of agency of the husband for the wife resulting not merely from the marital relationship, as in the present case, we have found no authority for a different rule than would be applicable had she constituted a son, daughter, friend, chauffeur, or stranger as her agent for the same purpose.

Accordingly, the judgment of the Court of Civil Appeals is affirmed.