**Victor Leon AUSTIN, Appellant,**

**v.**

**Mildred E. AUSTIN, Appellee.**

**No. 12990.**

Court of Civil Appeals of Texas, Austin.

Sept. 5, 1979.

Rehearing Denied Oct. 3, 1979.

Harriet Samon Owen, Austin, for appellant.

Terry L. Belt, Nobles, George & Belt, Austin, for appellee.

PHILLIPS, Justice.

Appellee filed suit for divorce. Trial on the merits was before the court; however, as appellee was seriously ill, she did not appear at the trial. Her deposition had not been taken, nor were there any interrogatories nor requests for admissions.

The Honorable Jack Miller presided at the trial, and at the conclusion of the evidence and argument of counsel, announced in open court the manner in which the property was to be divided. The statement of facts does not show that the court orally stated "divorce granted"; however, the court's docket sheet reveals that divorce was "granted as prayed for."

Appellee died before a written decree could be entered and pursuant to appellant's plea in abatement, the trial court dismissed the suit.

Appellee's heirs then perfected an appeal before the Eastland Court of Civil Appeals, which found that the parties owned substantial property and that the trial court had "very carefully" announced its decision regarding the division of property. The court said: "We find nothing in the statement of facts showing that the court orally announced it was granting Mildred Austin a divorce, however, we think in view of the detailed property division and the docket entry, the court 'rendered' its decision. . . ." The Eastland Court further held that the cause did not abate upon the death of appellee and that the trial court continued to have jurisdiction over the controversy. The case was reversed and remanded with instructions to the trial court to either grant the divorce and divide the property or deny the divorce. *Austin v. Austin*, 553

S.W.2d 9 (Tex.Civ.App.1977, writ dism'd w. o. j.).

The case was remanded to Judge D. V. Hammond's court, as Judge Miller had retired during the appeal. In response to the Eastland Court's mandate, Judge Hammond ordered a hearing and granted the divorce and divided the property. It is from this judgment that appellant has perfected this appeal to this Court.

Appellant is before this Court on thirteen points of error. Inasmuch as we agree with the "no evidence" point we need not pass upon the others. We reverse the judgment of the trial court and herein render judgment that the divorce be denied.

Appellant complains that the trial court abused its discretion in granting the divorce because there was no evidence of the statutory grounds for divorce. The only evidence of the grounds for divorce is an alleged stipulation offered by appellee's attorney:

"MR. BELT: Your Honor, one of the items that we have got some stipulations, that I think that we need to discuss. We have agreed that were the Petitioner, Mildred Austin, here that she would testify certain things. Her testimony would have been, and Counsel for the Respondent has agreed, that her name is as stated in the Petition, Mildred E. Austin; that she was married to the Respondent, Victor Leon Austin, on or about June 15th, 1958; that she separated from Victor Leon Austin on or about October 15th, 1975; that she had lived in Burnet County for ninety days preceding the filing of the divorce; that she was a domicilliary [*sic*] of the State of Texas for six months prior to the filing of the divorce; no children were born of the marriage or adopted or expected of the marriage; and that the marriage has become insupportable due to discord and conflict of personality; that there is no hope of reconciliation. Had she been here she would have testified to that, and we appreciate the Respondent's attorney agreeing to that stipulation.

THE COURT: Well, I would just like to swear the Respondent and have him affirm that and state that those things are true that you want to stipulate. He heard the stipulation.

MR. RUSSELL: I think, Your Honor, too, more likely you want to call him.

MR. BELT: My next step was to put him on the stand.

. . . . .

MR. RUSSELL: I do want to state in respect to it, we may have a discrepancy in the date of the marriage. I am sure he'll bring it out in the testimony, but I think we overlooked that.

MR. BELT: I would like to call Leon Austin to the stand.

. . . . .

Questions by Mr. Belt:

Q. Mr. Austin, please state your name to the Court.

A. Victor Leon Austin.

Q. And are you Respondent in this cause of action for divorce filed by Mildred E. Austin?

A. Yes, sir.

Q. It is stipulated, as you heard me introduce to the Court, that you were married to Mrs. Austin and I stated a date of on or about June of 1958. Is that date correct or incorrect?

A. That's wrong.

Q. What date were you all married?

A. June, 1959.

Q. June, 1959?

A. Un-huh.

Q. Do you know that she did live in Burnet County for ninety days prior to filing this divorce?

A. Oh, yeah.

Q. And certain had been a domiciliary of the State of Texas for the last six months?

A. Yes.

Q. You agree that your marriage has become unsupportable due to discord and conflict of personalities?

A. According to her testimony, yes, sir.

Q. Is there any hope of reconciliation?

A. It's up to her.

Q. As far as you know, is there any hope?

A. Not as I can see, unless she changed her mind.

Q. No children were born?

A. No.

Q. You have not adopted any?

A. No.

Q. There is none expected?

A. No.

Q. Okay. In Chambers we went through a stipulation. You and your wife owned a certain amount of property, is that correct?

A. Yes, sir."

There is little doubt that counsel for appellee has attempted to enter into evidence a stipulation regarding certain facts pertinent to the status of the parties to which appellee allegedly would have testified had she been present. We are mindful of the fact that a stipulation to what the testimony of an absent witness would be has been held proper in Texas. *Reasoner v. State*, 463 S.W.2d 55 (Tex.Civ.App.1971, writ ref'd n. r. e.). However, here we are faced with the highly unusual situation where the appellee did not appear to testify to the statutory grounds for divorce. Instead, her counsel attempted to enter into the record certain stipulated facts regarding the status of the parties. As discussed below, we find that the record evidences that appellant did not unequivocally stipulate to the statutory grounds for divorce, and that the stipulated facts do not support the divorce.

Section 3.01 of the Texas Family Code provides for the statutory grounds for divorce based upon insupportability:

"On the petition of either party to a marriage, a divorce may be decreed without regard to fault if the marriage has become insupportable because of discord or conflict of personalities that destroys the legitimate ends of the marriage and prevents any reasonable expectation of reconciliation."

In *Clay v. Clay*, 550 S.W.2d 730 (Tex.Civ. App.1977, no writ), the court stated that the issue to be determined (under Section 3.01 above) is whether the marriage has become insupportable because of discord or conflict of personalities that destroys the legitimate ends of the marriage relationship and prevents any reasonable expectation of reconciliation. In *Cusack v. Cusack*, 491 S.W.2d 714 (Tex.Civ.App.1973, writ dism'd), the court stated that when insupportability is relied on as a ground for divorce, *if that ground is established by the evidence*, a divorce must be granted.

It is our burden to decide, based upon the unusual fact that the appellee was absent from court and that the stipulation was less than unequivocally agreed to by appellant, whether the stipulation constituted satisfactory evidence upon which to support the divorce.

■ We first take note that it was quite evident that the trial judge was uneasy with the stipulation and asked that appellant be sworn in "and have him affirm that and state that those things are true that you want to stipulate . . ." even though counsel for appellee requested only that appellant's counsel so stipulate. Although an attorney is authorized to stipulate concerning any facts to be established by evidence, *Richmond v. Sangster*, 217 S.W. 723 (Tex.Civ.App.1920, writ ref'd), and although the silence on the part of appellant's attorney ordinarily would constitute an acceptance of the appellee's anticipated testimony, we hold that the trial judge himself took the matter out of appellant's attorney's hands by directing the appellant himself to the stand to state whether or not he agreed with the stipulation. Once on the stand, appellant's answers to the questions pertinent to the grounds for divorce were equivocal. Not once does the record show that appellant agreed that appellee would have testified as her counsel stated into the record. Instead, the questions by appellee's counsel were directed towards appellant's *own* feelings, which were immaterial to the issue whether appellant stipulated to appellee's testimony.

■ Although stipulations are accepted as evidence, a contradictory and confusing stipulation should be disregarded by a court if it stands in the way of a true determination of the rights of the parties. *Sergeant v. Goldsmith Dry Goods Company*, 110 Tex. 482, 221 S.W. 259 (Tex.1920). A court will not construe a stipulation so as to effect an admission of something intended to be controverted. *United States Fire Insurance Company v. Carter*, 468 S.W.2d 151 (Tex. Civ.App.1971), writ ref'd n. r. e., *per curiam*, 473 S.W.2d 2 (Tex.1971). According to the record, we find that appellant never did stipulate as to his wife's expected testimony. His answers reflected that he was not at all certain of her state of mind at the time of trial. We are not holding that in divorce cases we will give no effect to stipulations. Rather, in the case of an absent petitioner, we are holding that to protect both parties and to avoid ambiguity and confusion we are requiring an unequivocal stipulation of the grounds for divorce.

■ Since the stipulation does not meet the requirements of the law, it cannot constitute probative evidence of the grounds for divorce. We are persuaded that in order to satisfy § 3.01 of the Family Code the petitioner must either personally testify to facts constituting the statutory grounds, or, in the case of a stipulation, that the parties unequivocally agree to what the petitioner would have testified had she been present. *Cusack v. Cusack, supra.*

We hold that under the facts of this case the trial court abused its discretion[1] in granting the divorce, and herewith render judgment that divorce be denied.

SHANNON, Justice, dissenting.

I dissent.

Appellant's point two is that the judgment of divorce is supported by no evidence. There is no point attacking the factual sufficiency of the evidence to support the divorce judgment. The majority reverses the judgment in response to the "no evidence" point. In considering a "no evi-dence" point, the reviewing court must reject all evidence contrary to the judgment and consider only the facts and circumstances which tend to support that judgment. *Renfro Drug Co. v. Lewis*, 149 Tex. 507, 235 S.W.2d 609 (1950).

As petitioner in the district court, it was Mrs. Austin's burden to establish grounds for divorce. She discharged that burden by obtaining a stipulation of facts.

As set out in the majority's opinion, counsel for the parties stipulated in open court and of record as to what the testimony of Mrs. Austin would have been, had she been present. Tex.R.Civ.P. 11 (1979). A stipulation to what the testimony of an absent witness would be, has been held proper in this state since 1853. *Lee v. Wharton*, 11 Tex. 61 (1853); *Miers v. Housing Authority of City of Dallas*, 266 S.W.2d 487 (Tex.Civ. App.1954, no writ); *Stell v. State*, 496 S.W.2d 623 (Tex.Cr.App.1973). Such a stipulation is in the nature of a judicial admission and is binding on the parties to the stipulation. *Reasoner v. State*, 463 S.W.2d 55 (Tex.Civ.App.1971, writ ref'd n. r. e.). The stipulation, as a formal judicial admission, dispenses with the necessity for proof. II McCormick & Ray, *Texas Law of Evidence*, § 1127 (2d ed. 1956).

Viewing the evidence most favorably to the judgment, *Renfro Drug Co. v. Lewis, supra*, it is obvious that the stipulation established the grounds for divorce. The stipulation, as a formal judicial admission, dispensed with the necessity for Mrs. Austin's production of evidence in support of her grounds for divorce. In brief, the stipulation was a complete substitute for proof in support of the divorce.

To avoid what it regards as a wrong result in this particular case, the majority has held that the stipulation should be given no effect in law. Were the stipulation given no effect, then indeed there would be no evidence in support of the divorce judgment.

Appellant was represented at trial by counsel and he, through counsel, entered

1. *Gunther v. Gunther*, 297 S.W.2d 725 (Tex.Civ. App.1957, no writ).

the stipulation. So long as the attorney-client relationship endures, with its corresponding legal effect of principal and agent, the acts of the attorney must necessarily bind the client. *Dow Chemical Company v. Benton*, 163 Tex. 477, 357 S.W.2d 565 (1962). There is no suggestion in this record that appellant's counsel was not authorized to stipulate the grounds for divorce. Accordingly, authority must be presumed. *Dunman v. Hartwell*, 9 Tex. 495 (1853).

Every trial attorney is familiar with the practice of eliminating by stipulation undisputed questions of fact during the course of a trial. Such stipulations are viewed favorably by the courts. *Porter v. Holt*, 73 Tex. 447, 11 S.W. 494 (1889). Orderly administration of justice requires that trial courts observe stipulations made in open court and recorded in the statement of facts. *Sone v. Braunig*, 469 S.W.2d 605 (Tex.Civ.App.1971, writ ref'd n. r. e.). Likewise, appellate courts are bound to recognize and honor subsisting stipulations. *New v. First National Bank of Midland*, 476 S.W.2d 121 (Tex.Civ.App.1971, writ ref'd n. r. e.).

The trial court, for cause and in the exercise of sound discretion, *may* set aside a stipulation when such action may be taken without prejudice to either party. A stipulation should not be set aside at the instance of either party, when the party invoking such action has obtained an advantage under it, or when the withdrawal of the stipulation will place the opposite party in a worse position than if the stipulation had never been made. *Porter v. Holt, supra.*

That the district court in this case indicated to counsel that it wished to hear from appellant respecting the stipulation does not demonstrate, as speculated by the majority, ". . . that the trial judge was uneasy with the stipulation . . ." Instead, the district court in making the request of counsel was following a practice long familiar to the bench and bar. In addition, the statement of facts shows that appellee's counsel had planned to call appellant before the court made the request of counsel.

Appellant, when called to testify, corrected the stipulation in only one respect, that being the date of the party's marriage. None of appellant's other responses conflicted with or contradicted the stipulation.

The law allows the trial court, upon proper showing, to set aside a stipulation when such action may be taken without prejudice to either party. *Porter v. Holt, supra.* Because there was no motion by appellant or by the court *sua sponte* to set aside the stipulation, it is hardly necessary to observe that there was no proof to have supported the motion, had one been filed. The significant fact in this regard, however, is that the district court *did not* order the stipulation set aside. The request of the district court to hear from appellant respecting the stipulation cannot be transformed by the majority's fancy into an order by the court setting aside counsels' stipulation. Because the district court did not order the stipulation withdrawn, it stands subsisting and unchallenged. As such, it is obligatory for this Court to recognize the stipulation as a complete substitute for proof in support of the partys' divorce and, accordingly, to overrule the "no evidence" point.

The "no evidence" point should be overruled for still another reason. Appellant's challenge to the efficacy of the stipulation must have been asserted first in district court by motion or objection. Had the district court sustained the objection or motion to withdraw the stipulation, appellee would have had an opportunity to prove up grounds for divorce in a different manner. As it were, appellee learned of appellant's challenge to the stipulation for the first time three years after trial when appellant filed his brief in this Court. By not moving to withdraw the stipulation in district court, appellant waived any complaint with respect to the stipulation.