**Victor Leon AUSTIN, Appellant,**

v.

**Mildred E. AUSTIN, Appellee.**

No. 12990.

Court of Civil Appeals of Texas, Austin.

July 1, 1981.

Rehearing Denied July 22, 1981.

Harriet Samon Owen, Austin, for appellant.

Terry L. Belt, Austin, for appellee.

PHILLIPS, Chief Justice.

This is the second time this case has been before this Court. The first appeal is reported in 586 S.W.2d 937. The Supreme Court granted the application for writ of error and reversed and remanded the case to this Court, 603 S.W.2d 204 (Tex.1980), to pass upon the remaining points that were not decided in the first appeal.

The first group of points, briefed together, complain of the trial court's awarding the deceased wife one-half of appellant's Certified Public Accountant's practice in that there was no evidence that this business was community property. We overrule this point.

In fact, appellee was awarded one-half of $45,000.00 in treasury bills which were the proceeds of a sale of the business. Appellant was awarded the other half of the $45,000 and $9,900 that was still owed on the sale of the CPA practice.

In a previous divorce of these same parties in 1957, appellant was awarded all office furniture, equipment and supplies located in his then CPA office. In 1959, the parties hereto remarried. During this second marriage, appellant entered into a lease-purchase contract to sell Don Becker the CPA business which, at that time, consisted of the equipment, good will and a noncompetition clause for a total price of $60,000.00. Appellee, according to appellant's own testimony, worked in appellant's CPA business as a bookkeeper from 1959 (after they remarried) until 1972, when appellant sold the business. Appellee worked for the new owner for several months as a bookkeeper to insure a smooth transition.

The first trial judge who heard the case held that the proceeds from the business were commingled and became community property. The successor judge, after granting a hearing for additional evidence, found that the proceeds from the sale of the CPA business in their present status as treasury bills, should be divided as community property and the amount still owed on the sale be collected as appellant's separate property.

■ The good will of an *ongoing*, noncorporate, professional practice is not the type of property that is divisible as community property in a divorce proceeding. *Nail v. Nail*, 486 S.W.2d 761 (Tex. 1972). In that case, the Supreme Court was concerned with the uncertainty of the nature of good will of a doctor's medical practice. They stated that "professional good will is not so much fixed or localized as the good will of a trade, and attaches to the person of the professional man or woman as a result of confidence in his or her skill and ability." *Id.* at 763. The Court went on to state that:

"The good will of the husband's medical practice here ... may not be characterized as an earned or vested right or one which fixes any benefit in any sum at any future time. That it would have value in the future is no more than an expectancy wholly dependent upon the continuation of existing circumstances. Accordingly, we hold that the good will of petitioner's medical practice that may have accrued at the time of the divorce *was not property in the estate of the parties*; and that for this reason the award under attack [the division of good will as community property] was not within the authority and discretion vested in the trial court by Section 3.63 of the Texas Family Code."

*Id.* at 764 (emphasis added). The Supreme Court specifically noted that they were not concerned with good will incident to the *sale* of a professional practice or incident to a professional partnership or corporation.

■ When good will is not attached to the person of the professional man or woman, it is property that may be divided as community property. *Geesbreght v. Geesbreght*, 570 S.W.2d 427 (Tex.Civ.App. 1978, writ dism'd). In *Geesbreght*, the court held that the good will of a professional corporation that was not attached to an individual person as a professional practitioner (*i. e.*, good will based upon the professional corporation), was divisible as community property.

Once a professional practice is sold, the good will is no longer attached to the person of the professional man or woman. The seller's actions will no longer have significant effect on the good will. The value of the good will is fixed and it is now property that may be divided as community property.

■ The question remains whether the proceeds from the sale of the good will of appellant's CPA practice was community or separate property. Property possessed by either spouse during or on dissolution of a marriage is presumed to be community property. Tex. Family Code Ann. § 5.02 (1975). Appellant has the burden of proof to show that all or part of the sale price of his CPA practice was his separate property. He argues that part of the sale price was based on the good will he received as his separate property in the first divorce, citing *Nail v. Nail, supra* and that part of the sale price was based on a noncompetition agreement which he claims is separate property, citing *Dillion v. Anderson*, 358 S.W.2d 694 (Tex.Civ.App. 1962, writ ref'd n. r. e.).

■ Under the divorce decree, appellant was to receive the unpaid balance owing on the sale of the CPA practice, approximately $9,900, as appellant's separate property. The portion of the contract price that had already been paid, $45,000, was to be divided equally as community property. There is sufficient evidence to support the trial court's apparent conclusion that the value of appellant's separate property in his CPA practice did not consist of more than $9,900. Appellant conducted his CPA business for 13 years during his second marriage to appellee. During that time clients came and went. Appellant failed to place a value on the noncompetition agreement or to place a value of the good will of the clients he had before the second marriage as opposed to the value of the good will of new clients. When he was asked what part of the sale price was for good will, appellant testified that it was up to Mr. Becker, the buyer, to put a price on it. Appellant also said it was up to Mr. Becker to put a value on the agreement not to compete.

Mr. Becker testified that he bought appellant's clients (or at least appellant's files on the clients) and that the tangible items, desks, typewriters, etc., were of inconsequential value. But at no time did Mr. Becker put a value on the good will or the agreement not to compete. He did say that the value of the good will would be reduced if there had not been a noncompetition clause in the contract.

Appellant had the burden of proof to show that all or part of his CPA practice was separate property. We cannot conclude that as a matter of law the trial court erred in awarding only $9,900 as appellant's separate property in his CPA practice.

Next, appellant contends that the trial court abused its discretion in awarding appellee attorney's fees.

In her original petition, appellee requested that she be awarded reasonable attorney's fees. The trial court awarded her $2,643.19 in attorney's fees and the successor judge awarded her additional attorney's fees. Attorneys for appellee testified in detail as to the amount of time they had spent in preparation for and in trial.

■ Usually in a divorce suit the court may award either spouse his or her attorney's fees as part of the court's equitable powers to make a just and fair division of the marital estate. Tex. Family Code Ann. § 3.63 (1975); *Carle v. Carle*, 234 S.W.2d 1002 (Tex. 1950); *Braswell v. Braswell*, 476 S.W.2d 444 (Tex.Civ.App. 1972, writ dism'd).

■ There is no specific statute permitting either spouse to collect attorney's fees from the other upon obtaining a divorce, nor are fees recoverable as court costs. *Jacks v. Teague*, 136 S.W.2d 896 (Tex.Civ. App. 1940, writ dism'd).

■ The Supreme Court has determined that the spouses' community property does not have to be divided equally and a division which includes the requirement that the husband pay his wife's legal fees can be valid. *Carle v. Carle, supra, Lipshy v. Lipshy*, 525 S.W.2d 222 (Tex.Civ.App. 1975, writ dism'd).

The judgment of the trial court is affirmed.