Clark v. Blakely Carpet 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-94-104-CV

     RANDALL CLARK, ET AL.,
                                                                                              Appellants
     v.

     BLAKELY CARPET CRAFTS, INC.,
     D/B/A BLAKELY FLOOR STUDIO,
                                                                                              Appellee
 

From the 193rd District Court
Dallas County, Texas
Trial Court # 91-14442-L
                                                                                                    

O P I N I O N
                                                                                                    

      Appellants were seriously injured when a pickup truck driven by Nathan Hatten and owned
by James Hatten, Nathan's father, crossed the center line and caused a series of collisions. 
Appellants alleged that, at the time of the accident, Hatten and a co-worker, Marcus Edmonson,
were between installation jobs assigned to James Hatten by Blakely Carpet Crafts, Inc. (Carpet
Crafts). Appellants sued the Hattens for negligence and gross negligence. They sued Carpet
Crafts under the doctrine of respondeat superior, alleging that Nathan Hatten was in the course
and scope of employment by Carpet Crafts at the time of the accident. They also alleged that
Carpet Crafts was liable under alternative theories of joint enterprise, mission, and borrowed
servant. Carpet Crafts maintained that Hatten was an independent contractor.
      The court entered an interlocutory default judgment against the Hattens. The remaining
causes against Carpet Crafts were tried to a jury. At the conclusion of the appellants' case-in-chief, the court directed a verdict in favor of Carpet Crafts on the joint enterprise, mission, and
borrowed servant theories. The jury found that Nathan Hatten was not an employee of Carpet
Crafts. Based on the verdict, the court rendered a take-nothing judgment in favor of Carpet
Crafts. 
Overview of Evidence
      Appellants testified about the accident and their resulting injuries. Neither of the Hattens nor
Marcus Edmonson appeared at trial. Bill Blakely, president of Carpet Crafts, testified about the
relationship between Carpet Crafts and James Hatten. Blakely maintained that James Hatten was
one of several independent contractors used by Carpet Crafts as carpet installers. He testified that
Carpet Crafts did not deduct Social Security or withholding taxes from the checks to its carpet
installers, nor did these "independent contractors" participate in the company's retirement plan. 
Blakely testified that he did retail and commercial business and that James Hatten performed
installation work on both types. Carpet Crafts's commercial work was frequently with home
builders who required that anyone working on the premises be covered by workers' compensation
insurance. Blakely testified that Carpet Crafts would purchase compensation insurance on behalf
of the installers and would deduct these premiums from payments due to the installers.
      Appellants attempted to prove through Blakely that Carpet Crafts "directed the details" of its
carpet installers' work to the extent that they were employees rather than independent contractors. 
Laura Jo Nelson, an independent claims representative, testified that she worked with the company
that adjusted Nathan Hatten's and Edmonson's workers' compensation claims. She testified that
Edmonson listed Floor Studio as his employer on documents in her file.


 Nelson testified that her
company investigated the accident and determined that Edmons on and Nathan Hatten were
"employees" of Carpet Crafts. She testified that both men were paid workers' compensation
benefits under coverage provided by Carpet Crafts's policy.
Points of Error
      Appellants bring four points. They assert that the court erred in instructing a verdict on their
alternative liability theories, in excluding certain exhibits, and in making improper comments
before the jury. They also argue that the cumulative effect of the court's errors deprived them of
a fair trial. We will overrule all points and affirm the judgment.
Instructed Verdict
      In their first point, appellants argue that the court erred in instructing a verdict in favor of
Carpet Crafts on their theories of joint enterprise, mission, and borrowed servant. In reviewing
the granting of an instructed verdict, we must determine whether there is any evidence of probative
force to raise a fact issue on the material questions presented. See Szczepanik v. First Southern
Trust Co., 883 S.W.2d 648, 649 (Tex. 1994); Collora v. Navarro, 574 S.W.2d 65, 68 (Tex.
1978). We consider all of the evidence in a light most favorable to the party against whom the
verdict was instructed and disregard all contrary evidence and inferences; we give the losing party
the benefit of all reasonable inferences created by the evidence. See White v. Southwestern Bell
Tel. Co., 651 S.W.2d 260, 262 (Tex. 1983). If there is any conflicting evidence of probative
value on any theory of recovery, an instructed verdict is improper and the case must be reversed
and remanded for a jury's determination of that issue. See Szczepanik, 883 S.W.2d at 639; White,
651 S.W.2d at 262.
joint enterprise
      Joint enterprise is a theory of imputed negligence—that by reason of some relationship
existing between the parties, each party is the agent of the other, and therefore each is held
responsible for the negligent acts of the other. Shoemaker v. Estate of Whistler, 513 S.W.2d 10,
14 (Tex. 1974). Joint enterprise exists when the parties have (1) an agreement, express or
implied, among the members of the group; (2) a common purpose to be carried out by the group;
(3) a community of pecuniary interest in that purpose; and (4) an equal right to a voice in the
direction of the enterprise, which gives an equal right of control. Id. at 16-17 (adopting the
elements of Restatement (Second) of Torts § 491, comment c).
      Joint enterprise is a "unique creation of American jurisprudence," applied almost solely in the
field of automobile law. Id. at 16.


 In most cases, joint enterprise is used as a defensive issue in
the context of contributory negligence. Wilkinson v. Stevison, 514 S.W.2d 895 (Tex. 1974)
(contributory negligence of husband-driver could be imputed to wife-passenger to bar wife's
recovery from third party if joint enterprise relationship existed between husband and wife);
Blount v. Bordens Inc., No. 01-93-271-CV (Tex. App.—Houston [1st Dist.] Nov. 3, 1994,
n.w.h.) (in a joint enterprise situation, driver's eighty-percent negligence is attributed to
passenger, thus barring passenger's claims against defendant); Rhea v. Williams, 802 S.W.2d 118,
121 (Tex. App.—Fort Worth 1991, writ denied) (seventy-seven percent negligence of driver-wife
imputed to injured passenger-husband to bar his recovery against driver of other vehicle). Thus,
even when a plaintiff or injured party is without fault, the contributory negligence of another may,
because of the relationship between them, be imputed to the injured person to bar his recovery
from a negligent defendant. 53 Tex. Jur. 3rd, Negligence § 77 (1987). 
      Appellants seek to use joint enterprise offensively to impose liability on Carpet Crafts for the
acts of Nathan Hatten. They rely heavily on Riley v. Triplex Communications, Inc., 874 S.W.2d
333, 343 (Tex. App.—Beaumont 1994, writ granted). In Riley, a radio station and a bar jointly
hosted "B-95 Ladies Night"—"B-95" being the call number of the radio station. After an
intoxicated patron left the bar one "ladies night," his vehicle struck two police officers working
an accident scene caused by another intoxicated patron of "ladies night." Although the jury found
the bar liable under a dram shop theory of liability, the trial court refused to submit a jury issue
on joint enterprise or negligent promotion as to the radio station. The Beaumont court held that
the trial court erred in refusing to instruct the jury on joint enterprise and negligent promotion. 
      A question arises as to whether the "enterprise" claimed by the appellants is the carpet
installation business or is limited to the operation of the vehicle on the occasion in question. Aside
from Riley, we have found no case that extends this theory of liability so broadly as to possibly
include the carpet installation business. Indeed, the comments to "Joint Enterprise" in section 491
of the Restatement of Torts concern facts about vehicular travel. This and the decided cases
convince us that the doctrine was not intended to create liability in business arrangements where
a joint venture or partnership cannot be proven. Thus, we decline to extend the doctrine to the
carpet installation business under these facts.
      Shoemaker involved a conveyance, i.e., an airplane, and the Court considered whether the
owners were engaged in a joint enterprise. Shoemaker, 513 S.W.2d at 13. Were Carpet Crafts
and Nathan Hatten engaged in a joint enterprise in the operation of the vehicle? No employee of
Carpet Crafts was present. Blakely testified that Carpet Crafts did not provide the vehicle or
reimburse any expenses for mileage or for maintenance or repair of the vehicle. Indeed, Blakely
did not know Nathan Hatten. We find no evidence of an agreement between Carpet Crafts and
Nathan Hatten (1) to carry out a common purpose in operating the vehicle, (2) that would create
a community of pecuniary interest in such a purpose, or (3) that would give Carpet Crafts any
right to a voice in the operation of the vehicle.
      The court did not err in refusing to submit the theory of joint enterprise.
mission
      The elements of "mission" or non-employee agency are (1) a benefit to the defendant, and (2)
a right to direct or control the details of the mission. 1 State Bar of Texas, Texas Pattern
Jury Charges PJC 6.10 (1994) (citing English v. Dhane, 156 Tex. 231, 294 S.W.2d 709 (1956)
(bailor in gratuitous bailment did not exert control over bailee as a master exerts control over a
servant)). As stated above, there is no evidence that Nathan Hatten was on a "mission" for Carpet
Crafts at the time of the accident. Bill Blakely, president of Carpet Crafts, testified that James
Hatten had agreed to install some carpet for a customer the day the accident occurred. However,
there is no evidence that Nathan Hatten was traveling between jobs for Carpet Crafts when the
accident occurred. Laura Jo Nelson testified that her file indicated that Edmonson "was a
passenger going from one job to another." However, there is no evidence that those jobs were for
Carpet Crafts. We also find no evidence that Carpet Crafts had the right to direct or control the
manner in which Nathan Hatten operated the vehicle.
      The court did not err in directing a verdict on "mission."
borrowed servant
      Appellants argue that the court erred in directing a verdict on their theory that Nathan Hatten
was a "borrowed servant" of Carpet Crafts. A party may be liable for the negligent conduct of
a borrowed employee if that party has "the right to direct and control the details of the particular
work inquired about." 1 State Bar of Texas, Texas Pattern Jury Charges PJC 6.02 (1994);
see also Exxon Corp. v. Perez, 842 S.W.2d 629, 630 (Tex. 1992). In the absence of evidence to
the contrary, "there is an inference that the actor remains in his general employment so long as,
by the service rendered another, he is performing the business entrusted to him by the general
employer." Restatement (Second) of Agency § 227 cmt. b (1958); Lara v. Lile, 828 S.W.2d
536, 538 (Tex. App.—Corpus Christi 1992, writ denied). Just as there is no evidence that Nathan
Hatten was on a mission for Carpet Crafts, there is no evidence that Carpet Crafts had "borrowed"
him from James Hatten at the time of the accident. 
      The court did not err in directing a verdict on the theory of borrowed servant. We overrule
point one.
Exclusion of Evidence
      Appellants' second point argues that the court erred in excluding two exhibits. Laura Jo
Nelson, an adjuster handling workers' compensation claims, testified concerning her records.


 
She testified that, after an investigation, Nathan Hatten and Edmonson were determined to be
"employees" of Carpet Crafts for the purposes of workers' compensation benefits. Exhibits 25
and 31, according to appellants, are copies of compromise and settlement agreements between
Carpet Crafts's worker's compensation carrier and Nathan Hatten and Edmonson. Appellants
argue that the jury should have been informed of the large amounts that were paid to them as
claimants; thus, the jury would know that Nelson and her company spent "more time, effort and
resources" in determining that Hatten and Edmonson were "employees." 
      Carpet Crafts objected to Exhibit 25 on the grounds that it was irrelevant and that its
prejudicial effect outweighed any probative value. The court sustained the objection. Appellants
offered Exhibit 25 on a bill of exception and the court allowed it for the bill. The court also
sustained Carpet Crafts's similar objections to Exhibit 31. Appellants offered Exhibit 31 on its
bill of exception.


 
      "When the court excludes evidence, the party offering same shall, as soon as practicable, but
before the court's charge is read to the jury, be allowed to make, in the absence of the jury, an
offer of proof in the form of a concise statement." Tex. R. App. P. 52(b). A transcription of the
reporter's notes showing the offer, when included in the record certified by the reporter, shall
establish the nature of the evidence. Id. Although the court allowed Exhibit 25 for the purposes
of a bill of exception, that exhibit was not brought forward to this court. Likewise, Exhibit 31 is
not in the record. The burden is on the appellants to see that a sufficient record is presented to
show error requiring reversal. See id. 50(d). Without the exhibits or an offer of proof as to their
contents, we cannot determine whether the court erred in excluding them. We overrule point two.
Improper Comment
      In their third point, appellants complain that the court erred in making an improper and
prejudicial comment regarding the definition of "employee" in the presence of the jury. During
the examination of Laura Jo Nelson, the relevancy of the worker's compensation coverage was
highly contested:
[Carpet Crafts]: Your Honor, I'm going to object to this question on the grounds it's
completely irrelevant to any issues on this case. Whether or not the workers'
compensation carrier conducted any kind of investigation is irrelevant to whether or not
Carpet Crafts had employees or independent contractors; that is, whether they exercised
control over the details as opposed to the end result, which is the issue in this case.
 
[Appellants]: Your Honor, I would like the Court to take judicial notice of the definition
of an employee in the Texas Workers' Compensation Act, because they are identical.
 
THE COURT: Because what?
 
[Appellants]: They are identical.
 
THE COURT: I'll take judicial notice that they are not identical. The definition that's
contained in 8308-103 of the current workers' compensation law is not the definition that
I'm going to give the jury.
      Appellants argue that the test of whether a worker is an employee or an independent
contractor is the same whether the question arises under the common law or in a workers'
compensation case. See Thompson v. Travelers Indemnity Co. of Rhode Island, 789 S.W.2d 277,
278 (Tex. 1990). They argue that the court's comment incorrectly informed the jury that the
compensation carrier's decision was not made under the same definition that would be given the
jury. Thus, they say that the remark was calculated to prejudice them by causing the jury to
disregard or minimize the importance of the critical evidence, resulting in a verdict that was
manifestly unjust and wrong.
      Appellants acknowledge in a footnote that the definition of "employee" in the Workers'
Compensation Act is "each person in the service of another under any contract of hire, whether
express or implied, or oral or written." See Tex. Rev. Civ. Stat. Ann. art. 8308-1.03 (18)
(repealed 1993).


 The instruction given to the jury defined an "employee" as "a person in the
service of another with the understanding, express or implied, that such other person has the right
to direct the details of the work and not merely the result to be accomplished." 
      We do not believe the court's statement was an improper remark; rather, the court correctly
stated that the definition of "employee" under the Workers' Compensation Act is not identical to
the definition in the Pattern Jury Charges. The court's remark, even if it were improper, was not
calculated to cause nor did it cause the rendition of an improper judgment. See Tex. R. App. P.
81(b)(1). We overrule point three.
Cumulative Error
      Appellants' final point asserts that the cumulative effect of the court's erroneous exclusion of
evidence and its improper comment deprived them of a fair trial. Having failed to find that the
court erred on any of appellants' previous points, we do not find cumulative error requiring
reversal. We overrule point four and affirm the judgment.
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed February 1, 1995
Do not publish